Filed 9/19/14  P. v. Banuelos CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL BANUELOS,<br><br>     Defendant and Appellant. | B251832<br><br>(Los Angeles County Super.<br>Ct. No. KA098159) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

At around 10:00 p.m. on June 3, 2012, an SUV ran through the fence of Serafin Pineda's El Monte home and crashed into his chimney. The downed fence kept Pineda from getting to the driver, but he saw that the driver was hunched over and phoned 911. Pineda knocked on the back of the car and yelled, "Are you fine? Get out of the car." Instead of responding, the driver backed up and sped off down the street.

A separate call brought sheriff's deputies to a nearby location, where Miguel Banuelos was being helped from a damaged SUV and placed in a wheelchair. Banuelos was paralyzed from the waist down from a motorcycle accident several years earlier. A deputy saw Banuelos reach for his waistband as if he were either hiding or reaching for something. The deputy did a pat-down search and found a revolver. Banuelos, who had two auto burglary convictions, accused the deputy of planting the weapon.

Banuelos was charged with, and convicted of, one count of being a felon in possession of a firearm. A deputy sheriff testified that Pineda identified Banuelos as the driver of the SUV that crashed into his house. Pineda testified that he identified the SUV, but was unsure whether Banuelos had been the driver.

Banuelos testified that he had been sitting in his parked SUV listening to music when a man opened a rear passenger door, got in the car, and pointed a gun at his head. The man told Pineda to drive. The man hit Banuelos in the mouth because he did not like the fact that Banuelos used hand controls to operate the vehicle. A short time later, the man hit Banuelos in the back of the head, causing Banuelos to briefly black out and crash into Pineda's house. Banuelos quickly came to and the man ordered him to drive off. He had Banuelos stop a short distance away and began asking for money and grabbing at Banuelos's pockets. Banuelos said his attacker ran off after Banuelos struggled with the man and took away his gun. According to Banuelos, he was rolling over toward the deputy to bring him the gun.

A woman who was walking nearby claimed that she saw two people inside the SUV struggling with each other.

Banuelos filed a notice of appeal. On June 24, 2014, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were

raised.  The brief included a declaration from counsel that she had reviewed the record and had sent Banuelos a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to.  That same day this court sent Banuelos a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider.  He did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment is affirmed.


RUBIN, J.

WE CONCUR:



BIGELOW, P. J.



GRIMES, J.

3